**UNITED STATES of America, Plaintiff,**

v.

**Lateef OYELADE, Defendant.**

**No. 93 CR 62–1.**

United States District Court,
N.D. Illinois,
Eastern Division.

April 24, 1997.

Brenda M. Atkinson, Assistant U.S. Attorney, Chicago, IL, for Plaintiff.

Frederick F. Cohn, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Lateef Oyelade's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the court denies Oyelade's motion.

### I. BACKGROUND

Oyelade was indicted in a three-count indictment because of his role in a heroin importation scheme. On July 1, 1993, Oyelade plead guilty to Count I, for conspiracy to import 1,500 grams of heroin. The plea agreement mentioned nothing of a motion by the government to decrease Oyelade's sentence if he provided substantial assistance to the government in the investigation and prosecution of any co-conspirators. However, on July 7, 1993, Oyelade and the government entered into an agreement that stated:

[S]hould the government charge individuals about whom Mr. Oyelade provided information and with whom he conspired to import the 1,500 grams of heroin seized in 93 CR 62, before the expiration of one year after the date the defendant is sentenced in this matter:

1. the defendant agrees he will provide full, truthful, and complete cooperation to the federal, state, and local authorities investigating that conspiracy, those individuals, and any related crimes and further agrees to provide truthful testimony before any grand jury and any United States District Court proceeding if requested to do so by the government; and

2. the government will move the Court pursuant to FED. R. CRIM. P. 35(b) to reduce the defendant's sentence for the narcotics conspiracy charged in case number 93 CR 62 by no more than 50 percent.

(Def.'s Mot. Pursuant to 28 U.S.C. § 2255 Ex. 2 at 1.)

Oyelade was sentenced to 120 months' imprisonment on September 30, 1993. In February 1994, Oyelade began to write letters to the Assistant United States Attorney (AUSA) who prosecuted him regarding the arrest of Adeniyi Beckley, allegedly one of Oyelade's co-conspirators. The AUSA was unable to find a person named Adeniyi Beckley in the Bureau of Prisons. However, the AUSA recently discovered that Adeniyi Beckley was arrested in December 1993 and prosecuted in the United States District Court for the Southern District of New York.

According to the AUSA, another AUSA in the Southern District of New York told her that in July 1993, customs agents made a random stop of a person named Karen Erickson as she deplaned an international flight that had arrived in New York. The agents found that Erickson was transporting five kilograms of heroin. Erickson cooperated with the agents and made a controlled delivery of the heroin to three Nigerian men, two of whom immediately were arrested. The third, Beckley, fled, and a warrant was issued for his arrest.

The Southern District of New York AUSA and customs agents later learned that Beckley was in Chicago and was a target of a state-authorized wire-tap investigation, which was unrelated to Oyelade's involvement with Beckley. The New York customs agents and

Chicago police arrested Beckley in December 1993 in Chicago, and removed Beckley to the Southern District of New York to stand trial for his role in the July 1993 heroin importation conspiracy with Erickson and the two other Nigerian men. Beckley was convicted in the Southern District of New York in January 1995, and in July 1995 was sentenced to 151 months' imprisonment.

According to the New York AUSA, Oyelade had nothing to do with the conspiracy involving or the identification, investigation, location, arrest, or prosecution of Beckley in the Southern District of New York.

## II. *DISCUSSION*

Oyelade contends that because Beckley, one of his alleged co-conspirators, was arrested, indicted, prosecuted, and convicted, the government was obligated to move for a reduction in Oyelade's sentence according to the July 7, 1993, agreement. Because the government has refused to do so, Oyelade wants the court to order the government to move for a reduction in Oyelade's sentence and reduce his sentence accordingly.

The court fully agrees with the government that no reduction in Oyelade's sentence is warranted. Oyelade does not dispute the government's version of the arrest, investigation, indictment, and prosecution of Beckley. Consequently, it is clear and uncontroverted that Oyelade had absolutely nothing to do with the eventual conviction of Beckley. Beckley was a part of another heroin importation conspiracy separate from his relationship with Oyelade, and he was prosecuted and convicted because of his role in that conspiracy. Oyelade had no part in that conspiracy; did not provide information to the government about that conspiracy; and did not assist the government in its case against Beckley. Moreover, the government did not need Oyelade's help with its case against Beckley. In short, Oyelade had no role to play in the government's investigation, arrest, prosecution, or conviction of Beckley.

The July 7, 1993, agreement between Oyelade and the government did not obligate the government to seek Oyelade's assistance where it was not needed. The agreement did not obligate the government to seek a reduction in Oyelade's sentence simply because an alleged co-conspirator of Oyelade was arrested and prosecuted for an offense wholly unrelated to the co-conspirator's involvement with Oyelade. Rather, it obligated Oyelade to provide substantial assistance to the government in its investigation of the heroin importation conspiracy involving Oyelade, his co-conspirators, and any related crimes. In return for Oyelade's substantial assistance, the government agreed to move the court pursuant to Federal Rule of Criminal Procedure 35(b) to reduce Oyelade's sentence by no more than 50 percent. Because the condition precedent to the government's obligation to move to reduce Oyelade's sentence never came to pass, the government never became obligated to move for a reduction in Oyelade's sentence.

Moreover, the July 7, 1993, agreement explicitly provided that the government's motion to reduce Oyelade's sentence would be pursuant to Federal Rule of Criminal Procedure 35(b). Rule 35(b) provides:

> The court, upon motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense.... The court may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of the sentence.

FED. R. CRIM. P. 35(b).

As the court has noted, Oyelade provided no assistance to the government in its investigation or prosecution of Beckley. Thus, Oyelade does not meet the requirement of Rule 35(b) that a defendant provide substantial assistance to the government to be eligible for a sentence reduction under Rule 35(b). In addition, substantially more than a year has passed since Oyelade was sentenced, and Oyelade does not contend that he would have provided the government with

information about Beckley that he discovered more than a year after he was sentenced, so the time limit for the government's Rule 35(b) motion has long since passed. Consequently, Oyelade is not entitled to a sentence reduction pursuant to Rule 35(b).

The July 7, 1993, agreement between Oyelade and the government clearly was intended to allow the government to move to reduce Oyelade's sentence if, within a year from his sentencing, Oyelade gave substantial assistance to the government in its investigation and prosecution of Oyelade's co-conspirators because of their conspiracy with Oyelade or any related crimes. The government neither needed nor sought Oyelade's assistance in its investigation and prosecution of an entirely unrelated crime coincidentally involving one of Oyelade's co-conspirators. Therefore, the government is not obligated to move to reduce Oyelade's sentence and Oyelade is not entitled to a reduction in sentence pursuant to the July 7, 1993, agreement or Rule 35(b). In other words, Oyelade's sentence that he now is serving is correct.

### III. *CONCLUSION*

For the foregoing reasons, the court denies Oyelade's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.